UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHANEL W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01512-MJD-RLY |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR ATTORNEY FEES**
**[DKTS. 15, 17]**

This matter comes before the Court on Plaintiff's *Petition for Attorney Fees Under the Equal Access to Justice Act* [Dkt. 15] and the parties' *Joint Motion to Award EAJA Fees* [Dkt. 17]. For the following reasons, the Court **DENIES AS MOOT** Plaintiff's motion and **GRANTS** the parties' joint motion.

**I. Background**

On October 8, 2018, Plaintiff filed her initial brief in *Support of Complaint for Review* to reverse the ALJ's unfavorable finding and remand for further proceedings. [Dkt. 10.] On November 19, 2018, Defendant filed an *Agreed Motion for Reversal with Remand for Further Administrative Proceedings*. [Dkt. 12.] On November 26, 2018, the Court reversed the Commissioner's decision and remanded Plaintiff's claim for further proceedings. [Dkt. 13.] Final judgment was entered in favor of Plaintiff. [Dkt. 14.] Plaintiff filed a *Petition for Attorney*

*Fees Under the Equal Access to Justice Act*[1] with supporting documentation on December 20, 2018. [Dkt. 15; Dkt. 16.] The parties filed a *Joint Motion to Award EAJA Fees* on December 20, 2018, indicating they had agreed to an EAJA award of attorney fees and costs in the amount of $6,314.83. [Dkt. 17.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed in a Petition for EAJA fees, the movant must, "within thirty days of final judgment in the action," file her application (1) showing that she is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, the Court must determine whether Plaintiff's motion for fees was timely filed. Section 2412(d)(1)(b) of the EAJA states that an application for fees and expenses must be filed "within thirty days of final judgment in the action." The Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired," which in this case is 60 days. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Court entered

---

[1] Plaintiff's *Petition for Attorney Fees Under the Equal Access to Justice Act* [Dkt. 15] is **DENIED AS MOOT**.

final judgment on November 26, 2018. [Dkt. 14.] Thus, Plaintiff's December 20, 2018 petition as well as the parties' joint motion for attorney fees submitted on the same day, were both timely filed. [Dkt. 15; Dkt. 17.]

In her brief in support [Dkt. 16 at 2], Plaintiff contends she meets the "prevailing party" requirement of the EAJA pursuant to the standard set forth by the U.S. Supreme Court in *Shalala v. Schaefer*. 509 U.S. 292 (1993). In *Shalala*, the Supreme Court confirmed that a plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA. *Id.* at 300. Because the Court in this matter remanded Plaintiff's case to an administrative law judge for such further consideration, Plaintiff indeed meets the prevailing party requirement of the EAJA.

Next the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In the matter before the Court, the Commissioner agreed to an award of fees, thereby electing not to carry her burden of proving that her position was substantially justified. [Dkt. 17.] Therefore, Plaintiff meets the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

Finally, Plaintiff asserted the fees requested are reasonable pursuant to the terms of the EAJA. [Dkt. 16 at 3-5.] As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff attached an itemized statement as Exhibit A to her *Petition for Attorney Fees Under the Equal Access to Justice Act* that tracks the

3

hours worked by her attorney, Charles D. Hankey, on this matter. [Dkt. 16-1.] Additionally, Plaintiff makes a representation of the reasonable rate of computation, as required by the EAJA. [Dkt. 16 at 3-5.] Thus, Plaintiff has met the threshold requirement of presenting the Court with both the hours expended by her attorney on the matter and the rate used to compute the total fees sought.

Although Plaintiff has met the burden of presentation regarding the amount of fees sought, the Court must determine whether such fees are *reasonable* pursuant to the EAJA. A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language additionally permits the Court to allow for "an increase in the cost of living" to justify a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Here, Plaintiff asserts that, because the EAJA was passed in 1996 and the Consumer Price Index-All Items Index at the time was 155.7, the proper calculations bring the 2018 hourly

rate to $200.00. [Dkt. 16 at 3.][2] Plaintiff contended the $200.00 hourly rate is "below the market rate for the same kind and quality of legal services as performed in this case[,]" is consistent with the inflation-adjusted rate, and is appropriate for the depth of counsel's experience as a Social Security practitioner. [Dkt. 16 at 3-4.] Based upon the parties' joint motion, the effective agreed-upon hourly rate for attorney time is approximately $189.70 and for paralegal time is $100.00.[3] The Court finds these rates are consistent with the inflation-adjusted rate, the depth of counsel's experience, the prevailing market rate in the community by lawyers of comparable skills and experience, and the rate approved in other similar disability cases in this district. *See, e.g.*, *Rabe v. Astrue*, 2011 WL 2899063 (S.D. Ind. July 15, 2011); *Neal v. Colvin*, 2013 WL 4479802 (S.D. Ind. Aug. 19, 2013); *Little v. Colvin*, 2014 WL 30032 (S.D. Ind. Jan. 3, 2014).

Next, the Court must decide whether the number of hours reportedly worked by counsel appears sufficiently reasonable. The Seventh Circuit commands that an attorney use the same "billing judgment" with the Court that he or she would implement when presenting a client with the legal bill. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). As explained by the Supreme Court, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from

---

[2] $125.00 x 1.60 result in $200.00 per hour for 2018.
[3] The parties' *Joint Motion to Award EAJA Fees* [Dkt. 17] agreed to an award of $5,914.83 for attorney fees and expenses but did not explicitly break down the hourly rate. Based upon Plaintiff's counsel's asserted attorney hours of 30.60 and paralegal hours of 1.10, the Court calculates as follows: $5914.83 – (100.00 x 1.10) = $5804.83. The remaining balance of $5804.83 divided by Plaintiff's counsel's expended 30.60 hours establishes an approximate rate of $189.70.

his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Mr. Hankey asserted he worked a total of 30.60 hours on this case and reported paralegal time of 1.10 hours. [Dkt. 16-1.] The Court has reviewed the itemized time records of services rendered and finds Plaintiff's counsel employed proper "billing judgment" with regards to his work on this case. The Court finds that the number of hours worked appears reasonable.

Additionally, Plaintiff requested a minimal fee award for services performed by a paralegal. [Dkt. 16-1.] If an attorney's fee is awarded, the services of paralegals should be taken into account. *Missouri v. Jenkins*, 491 U.S. 274, 286-87 (1989). Plaintiff asserted 1.10 hours were expended by a paralegal in this case at the rate of $100.00 per hour. [Dkt. 16-1.] The Court finds the hours for the work performed as well as the hourly rate for the paralegal are reasonable. *See, e.g., Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (citing case law and finding the hourly rate of $100.00 reasonable).

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" having taken place on behalf of Plaintiff or her counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds, pursuant to 28 U.S.C. § 2412(d)(1)(C).

### III. Conclusion

The Court finds Plaintiff's initial request of $6,630.00 reasonable. However, because both parties have consented to the reduced sum of $5,914.83 for attorney fees and expenses and $400 for costs under the EAJA, for a total sum of $6,314.83 [Dkt. 17], the Court finds this amount to be reasonable as well. Therefore, based on the foregoing reasons, Plaintiff's *Petition for Attorney Fees Under the Equal Access to Justice Act* [Dkt. 15] is **DENIED AS MOOT**, and the parties' *Joint Motion to Award EAJA Fees* [Dkt. 17] is **GRANTED**. Plaintiff is entitled to

reasonable attorney fees, expenses, and costs in the amount of Six Thousand Three Hundred Fourteen Dollars and Eighty-three Cents ($6,314.83). The fee award is payable to Plaintiff and subject to a government offset to satisfy any pre-existing debt Plaintiff owes to the government. After the Court enters this award, if Defendant can verify that Plaintiff owes no pre-existing debt to the government subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney, pursuant to the EAJA assignment duly signed by Plaintiff and her counsel.

    SO ORDERED.

Dated: 15 APR 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jean Marie Godfrey
SOCIAL SECURITY ADMINISTRATION
jean.m.godfrey@ssa.gov

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov